FORM TO BE USED BY A PRISONER FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Michael T. Scott JR, 7-18-83 #311-
542/MCTC
18800 Roxbury Road
Hagerstown, Md. 21746
(Full name, date of birth, prison identification number and address of the plaintiff)

FILED ___ ENTERED
LODGED ___ RECEIVED
APR 12 2013
AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

v.

Civil Action No. RDB-13-1098
(Leave blank. To be filled in by Court.)

Division of Correction
J. Phillip Morgan, Warden of
MCTC 18800 Roxbury Road
Hagerstown, Md. 21746
(Full name and address of the defendant(s))

COMPLAINT

I.  **Previous lawsuits**

   A.  Have you filed other cases in state or federal court dealing with the same facts as in this case or against the same defendants?

       YES [ ]    NO [✓]

   B.  If you answered YES, describe that case(s) in the spaces below.

       1.  Parties to the other case(s):

           Plaintiff: _____

Defendant(s): _____

2. Court (if a federal court name the district; if a state court name the city or county): _____

3. Case No.: _____

4. Date filed: _____

5. Name of judge that handled the case: _____

6. Disposition (won, dismissed, still pending, on appeal): _____

_____

7. Date of disposition: _____

II. Administrative proceedings

A. If you are in a Division of Correction facility, did you file an administrative remedy procedure request under DCD 185-001, et seq.?

YES [✓]   NO [ ]

1. If you answered YES:

a. What was the result? <u>Dismissed for procedural reasons, Inmates may not seek relief through the A.R.P procedures on disciplinary hearings and decisions.</u>

b. Did you appeal to the Commissioner?

YES [ ]   NO [✓]

2. If you answered NO to either of the questions above, explain why you did not file an administrative remedy procedure request or an appeal to the Commissioner. <u>I didn't appeal to the Commissioner due to Inmates may not seek relief through the A.R.P etc. procedures on disciplinary hearings and decisions.</u>

3. Did you file any other type of administrative complaint such as an appeal to the warden of an adjustment decision or a decision to withhold mail, a complaint to the Sundry Claims Board, etc.?

   YES [ ✓ ]    NO [ ]

4. If you answered YES, explain what you filed and what was the result. <u>Appeal to the Warden of my adjustment decision, I received a Sanction reduced 200 TO 120 days segregation; reduced loss of 120 GCC to loss of 30 GCC; reduced this instance of indefinate loss of visits to 180 days Lov.</u>

B. If you are <u>not</u> in a Division of Correction facility, is there a grievance procedure at your institution?

   YES [ ]    NO [ ]

If your answer is YES:

1. Did you file a grievance?

   YES [ ]    NO [ ]

2. If you filed a grievance what was the result? _____

3. If you did not file a grievance explain why not? _____

III. **Statement of claim**
(Briefly state the facts of your case. Include dates, times, and places. Describe what each defendant did or how he/she is involved. If you are making a number of related claims, number and explain each claim in a separate paragraph.)

The Division of Correction has used "corporal punishment," personal abuse, and cruel and unusual punishment by ~~disiplining~~ disciplining me with the adjustment procedures and homemade D.O.C. policy that are in no way, shape or form real "due process" (municipal law) passed amendment XIV by congress June 13, 1866 of our equal protection. The main reason for this complaint is "URINA LYSIS TESTING" Approved by: J. Philip Morgan Warden at MCTC concerning "dilute" urine samples, which wasn't researchered thoroughly on, your urine could be diluted for medical reasons or because they think it is a healthy habit to drink fluids etc. Also you should be

IV. **Relief** warn that you'll get a second test don't drink too much fluids or you'll
(State briefly what you want the Court to do for you) be considered "Refusal to test" see exhibits "A"

Firstly, A $150,000 plus for mental anguish, for D.O.C to change the way urine sample are taken see (exhibit "A") and for me to get my single cell back and job that I want anyone that I choose. Also get my visits back, GCC credits etc. And that adjustment procedures need to be fair and not bias towards inmates.

SIGNED THIS 10th day of April, 2013.

_[signature]_
(original signature of plaintiff)

MCTC

18000 Roxbury Road

Hagerstown, md. 21746
(address of plaintiff)

Rev. 8/99                             4

Company name: NOBCHEM/Improving Outcomes

THE CREATININE LEVEL, Creatinine as an Indicator of Normal vs. Abnormal Urine Specimens and The Role Creatinine Plays in Determining New Use of Marijuana

Some donors deliberately drink large quantities of fluids for medical reasons or because they think it is a healthy habit. If a donor consistently provides a dilute specimen they should be reminded that it is their responsibility to provide a specimen suitable for testing and failure to do so might be considered "Refusal To Test". They should reduce their liquid consumption and limit their use of caffeine and herbal teas. Most people will comply unless they are attempting to mask their drug use.

The best way to minimize the percentage of dilute urine specimens is to use a random collection program. Unannounced specimens collection presents the donor with little time to prepare. Another good practice is to get a first morning "void" if possible, as this specimen often is more concentrated. People who dilute their urine by drinking large amounts of liquids cannot continue this practice indefinitely.

Exhibit "A"

Michael T. Scott JR #311-542
MCTC
18800 Roxbury Road
Hagerstown, Md. 21746